UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------X

YEHUDA FARKAS,

                Plaintiff,
-against-

JP MORGAN CHASE & CO.,

                Defendant(s).

Civil Action No.:

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**DEMAND FOR JURY TRIAL**

------------------------------------------------------------------X

**INTRODUCTION/PRELIMINARY STATEMENT**

Plaintiff YEHUDA FARKAS ("Plaintiff"), by and through his attorney, M. Harvey Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel, as and for his Complaint against the Defendant JP MORGAN CHASE & CO , (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2. Defendant is subject to, and required to abide by, the laws of the United States and the State of New Jersey, which include the Telephone Consumer Protection Act of 1991, 47

U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

3. Plaintiff YEHUDA FARKAS is a resident of the State of NEW JERSEY, residing at 801 MADISON AVENUE, APT 815, LAKEWOOD, NJ 08701.

4. Defendant JP MORGAN CHASE & CO, has a Corporate Headquarters located at 270 PARK AVENUE NEW YORK, NY 10017.

## FACTUAL ALLEGATIONS

5. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "4" herein with the same force and effect as if the same were set forth at length herein.

6. On or about December 2017, Defendant began communicating with the Plaintiff by placing automated calls to his cell phone number 347-779-3604. The Defendant would call from numbers 847-426-9209, 847-426-9203, 407-732-2416 and 210-520-0146 and leave pre-recorded messages.

7. On December 14, 2017 the Plaintiff called into the Defendant and was connected with a female representative. She asked for the Plaintiff's first and last name.

8. The Plaintiff informed her he was receiving calls to his cell phone and would like for them to stop.

9. After the conclusion of the call and the Plaintiff's request to have the calls stop, the Defendant continued to call the Plaintiff's cellphone number 347-779-3604. To date, the Plaintiff has received at least 175 calls from the Defendant since December 14, 2017.

### FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "9" herein with the same force and effect as if the same were set forth at length herein.

11. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States."

12. It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges. See *Breslow c. Wells Fargo Bank, N.A.* 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) and *Cavero v. Franklin Collection Serv., Inc.*, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged, with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call. For example, in *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not

require the plaintiff to be 'charged for' the calls in order to have standing to sue." In *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase 'any service for which the called party is charged for the call' requires that the party be charged per call for the 'paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading 'any service for which the called party is charged for the call' as an additional item beyond any call to a 'paging service, cellular telephone service, specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

13. It is thus clear from the plain language of the TCPA, and its considerable body of resultant case law, that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

14. With the autodialed calls to Plaintiff's telephone commencing on or about December of 2017 and continuing at a rate of approximately 175 times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

15. The Defendant, having been informed that Plaintiff requested that no further calls be received, willfully violated the TCPA at least 175 times.

16. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to

Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

17. Defendant is in violation of the TCPA paragraphs 139 (3) for, upon information and belief, having used its calls for debt collection and (7), failing to honor Plaintiff's desire to opt out of telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

18. Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A. For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

B. A declaration that the Defendant's practices violated the TCPA;

C. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: February 7, 2019

                        Respectfully submitted,

                        */s/ Edward B. Geller*

                        Edward B. Geller, Esq.
                        Edward B. Geller, Esq., P.C., Of Counsel to
                        M. HARVEY REPHEN & ASSOCIATES, P.C.
                        15 Landing Way
                        Bronx, New York 10464
                        Tel:(914)473-6783

                        *Attorney for the Plaintiffs',*
                        YEHUDA FARKUS

To: JP MORGAN CHASE & CO
    270 PARK AVENUE
    NEW YORK, NY 10017

*(Via Prescribed Service)*

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

*(Via Electronic Court Filing)*

## AFFIRMATION

I, Yehuda Farkas, under the penalty of perjury, deposes and say:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
Yehuda Farkas

____Yehuda Farkas____ [Printed]

Defendant

Sworn to before me this 20th day of February 2019

_____
Notary Public

ESTHER BRUCKMAN
Notary Public, State of New Jersey
My Commission Expires
December 21, 2022